

# Fourth Court of Appeals
## San Antonio, Texas

December 9, 2016

No. 04-16-00668-CV

America Amada **GONZALEZ**,
Appellant

v.

Jose Gilberto **PENA**, Imelda B. Pena, and Maria Guadalupe Villarreal,
Appellees

From the 381st Judicial District Court, Starr County, Texas
Trial Court No. DC-15-547
Honorable Jose Luis Garza, Judge Presiding

# O R D E R

Sitting:    Sandee Bryan Marion, Chief Justice
           Karen Angelini, Justice
           Marialyn Barnard, Justice

On October 27, 2016, appellant filed a *pro se* appellate brief.[1] Appellant's brief does not comply with Texas Rule of Appellate Procedure 38.1. A copy of Rule 38.1 is attached to this order and appellant is encouraged to read the rule in its entirety because her brief does not contain any of the following: (a) the identity of parties and counsel, (b) a Table of Contents with references to the pages of the brief, (c) an Index of Authorities, (d) a Statement of the Case, (e) any Statement Regarding Oral Argument, (f) the Issues Presented, (g) a Statement of Facts, (h) a Summary of the Argument, (i) an Argument with appropriate citations to authorities and to the record, and (j) an Appendix. TEX. R. APP. P. 38.1.

Substantial compliance with Rule 38 is sufficient. TEX. R. APP. P. 38.9. However, if Rule 38 has been flagrantly violated, this court may require a brief to be amended, supplemented, or redrawn. TEX. R. APP. P. 38.9(a). If another noncomplying brief is filed, the court may strike the brief, prohibit the party from filing another, and proceed as if the party had failed to file a brief. *Id.* If an appellant fails to timely file a brief, the appellate court may dismiss the appeal for want of prosecution. TEX. R. APP. P. 38.8(a)(1).

---

[1] This court held the brief until the clerk's record was filed on December 2, 2016.

While it is true that *pro se* pleadings and briefs are to be liberally construed, a *pro se* litigant is still required to comply with the law and rules of procedure. *Shull v. United Parcel Serv.*, 4 S.W.3d 46, 52-53 (Tex. App.—San Antonio 1999, pet. denied). **Because appellant's brief does not comply with Rule 38.1, appellant is hereby ORDERED to file an amended brief that complies with Rule 38.1 <u>no later than January 6, 2017.</u>** If appellant fails to timely file a brief that complies with Rule 38.1, this court will dismiss the appeal for want of prosecution. TEX. R. APP. P. 38.8(a)(1).

_____
Sandee Bryan Marion, Chief Justice


IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 9th day of December, 2016.

_____
Keith E. Hottle
Clerk of Court

## Rule 38.1
## Appellant's Brief

The appellant's brief must, under appropriate headings and in the order here indicated, contain the following:

(a) Identity of Parties and Counsel. The brief must give a complete list of all parties to the trial court's judgment or order appealed from, and the names and addresses of all trial and appellate counsel, except as otherwise provided in Rule 9.8.

(b) Table of Contents. The brief must have a table of contents with references to the pages of the brief. The table of contents must indicate the subject matter of each issue or point, or group of issues or points.

(c) Index of Authorities. The brief must have an index of authorities arranged alphabetically and indicating the pages of the brief where the authorities are cited.

(d) Statement of the Case. The brief must state concisely the nature of the case (e.g., whether it is a suit for damages, on a note, or involving a murder prosecution), the course of proceedings, and the trial court's disposition of the case. The statement should be supported by record references, should seldom exceed one-half page, and should not discuss the facts.

(e) Any Statement Regarding Oral Argument. The brief may include a statement explaining why oral argument should or should not be permitted. Any such statement must not exceed one page and should address how the court's decisional process would, or would not, be aided by oral argument. As required by Rule 39.7, any party requesting oral argument must note that request on the front cover of the party's brief.

(f) Issues Presented. The brief must state concisely all issues or points presented for review. The statement of an issue or point will be treated as covering every subsidiary question that is fairly included.

(g) Statement of Facts. The brief must state concisely and without argument the facts pertinent to the issues or points presented. In a civil case, the court will accept as true the facts stated unless another party contradicts them. The statement must be supported by record references.

(h) Summary of the Argument. The brief must contain a succinct, clear, and accurate statement of the arguments made in the body of the brief. This summary must not merely repeat the issues or points presented for review.

(i) Argument. The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.

(j) Prayer. The brief must contain a short conclusion that clearly states the nature of the relief sought.

(k) Appendix in Civil Cases.

> (1) Necessary Contents. Unless voluminous or impracticable, the appendix must contain a copy of: (A) the trial court's judgment or other appealable order from which relief is sought; (B) the jury charge and verdict, if any, or the trial court's findings of fact and conclusions of law, if any; and (C) the text of any rule, regulation, ordinance, statute, constitutional provision, or other law (excluding case law) on which the argument is based, and the text of any contract or other document that is central to the argument.

> (2) Optional Contents. The appendix may contain any other item pertinent to the issues or points presented for review, including copies or excerpts of relevant court opinions, laws, documents on which the suit was based, pleadings, excerpts from the reporter's record, and similar material. Items should not be included in the appendix to attempt to avoid the page limits for the brief.

TEX. R. APP. P. 38.1